The Honorable Bill Walters State Senator 44 Town Square P.O. Box 280 Greenwood, AR 72935
Dear Senator Walters:
This is in response to your request for an opinion regarding the effect of a mayor's veto of the city council's appointment to fill a vacancy on the council where, although properly filed and in a timely manner, the veto occurred subsequent to the swearing in of the appointee.
Having concluded that the mayor has the veto power in this instance (see Attorney General Opinion No. 90-034), I am of the opinion that the action taken by the city council when it made the appointment is not effective unless the council overrides the mayor's veto by a two-thirds vote. This conclusion is compelled by A.C.A. 14-43-504(e) wherein it states in pertinent part:
 No such ordinance, resolution, or order, or part thereof, vetoed by the mayor shall have any force or validity unless, after the written statement is laid before it,[1] the council shall, by a vote of two-thirds (2/3) of all the aldermen elected thereto, pass it over the veto.
A.C.A. 14-43-504(e)(1)(B)(ii).
It may therefore reasonably be concluded that the swearing in prior to the mayor's veto is not dispositive of the issue of whether the appointment is effective. If not overridden, the mayor's veto will, in my opinion be determinative if in fact it was properly filed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The mayor must file, before the next regular council meeting, his reasons for exercising the veto power. A.C.A.14-43-504(e)(1)(B)(i).